IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


THOMAS E. RIDGELL                                                                                  PLAINTIFF
     v.                          Civil No.  4:10-cv-04182

JUDGE AUTREY, Miller County,
Arkansas; SGT. MILLER (female),
Miller County Correctional Facility;
BRET HALTOM & CARLTON JONES,
Prosecuting Attorneys, Miller County;
JUDGE WYRICKE, Miller County;
DEPARTMENT OF HUMAN SERVICES (DHS);
and JEN MAGNO, DHS                                                                              DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

     Thomas E. Ridgell filed this civil rights case pursuant to the provisions of 42 U.S.C. § 1983. He proceed *pro se* and currently has an application to proceed *in forma pauperis* pending before the Court (ECF No. 5).

     Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2005), the Honorable Paul K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.  For the reasons stated below, I recommend that Plaintiff's *in forma pauperis* application be denied and his Complaint be dismissed.

     **1.  Background**

     Ridgell alleges that despite his never having broken the law he is once again sitting in the Miller County Correctional Facility waiting to go to prison.  Ridgell indicates the situation started in 2005 when he was befriended by Ms. Angela and Mr. Perry.  Ridgell indicates the two were "wedded" only because of drug charges.  He asserts they have been involving children and his family

with the drugs. Ridgell also maintains Angela uses "the battered woman rol[e] and runs off with the children into dangerous [e]nviroments." Ridgell states he has discovered that Angela is an informant for the police. Angela has been given custody of the children and Ridgell contends this is not right.

Ridgell states that he has sought help from Drew County and Miller County but both refused to do anything. In fact, he states they will not even allow him to see his children.

As relief, Ridgell asks the Court to right the wrong that has been done to him, compensate him for the time he has lost, and to have the children returned to him.

**2. Discussion**

The Plaintiff is an inmate of the Arkansas Department of Correction, Randall L. Williams Correctional Facility. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.). *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, Plaintiff states he has no money in a checking or savings account and owns nothing of value. The records from the Miller County Correctional Facility, where he was

incarcerated when this action was filed, show only relatively small deposits into his inmate account. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, or are asserted against individuals immune from suit. First, any claims based on events occurring more than three years prior to the filing of the complaint are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any claims based on events that occurred prior to December 15, 2007, would be barred by the statute of limitations.

Second, Prosecuting Attorneys Brent Haltom and Carlton Jones are immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.

Third, Judge Autrey and Judge Wyricke are immune from suit under § 1983. *Mireles v. Waco*, 502 U.S. 9, 11, (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994).

"Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

Fourth, the claims against the Department of Human Service and its employee Jen Magno, are the equivalent of claims against the State of Arkansas and are subject to dismissal. The claims are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, (1989). "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "'This bar exists whether the relief sought is legal or equitable.'" *Id.* (*quoting Papasan*, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991)(*citing  Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

Finally, to the extent the complaint asserts a claim for damages based on Ridgell's incarceration, it is barred by the Supreme Court decision of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.  Ridgell's conviction has not been reversed or otherwise held invalid

### 4.  Conclusion

Accordingly, I recommend that Plaintiff's request to proceed *in forma pauperis* be denied and Plaintiff's Complaint be dismissed without prejudice.

**The Plaintiff has fourteen (14) days from receipt of this report and recommendation**

**in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded**

**that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of April 2011.

                                                  /s/ Barry A. Bryant
                                                  HON. BARRY A. BRYANT
                                                  UNITED STATES MAGISTRATE JUDGE